IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-00814-BO-RJ

| | | |
|---|---|---|
| SAIMA ALI,<br><br>Plaintiff,<br><br>v.<br><br>NORTH CAROLINA BOARD OF ELECTIONS, WAKE COUNTY BOARD OF ELECTIONS, SAM HAYES *in his official capacity as Executive Director of the State Board*, and OLIVIA MCCALL *in her official Capacity as Director of the Wake County Board*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **ORDER** |

This cause comes before the Court on defendants' motions to dismiss [DE 11, DE 20; DE 23; DE 35; DE 37; DE 40]. Plaintiff has responded, and defendants have replied, or the time for doing so has expired. The motions are ripe for disposition.

## I. BACKGROUND

Plaintiff initiated this action by filing the complaint in this Court on December 16, 2025 [DE 1]. On the same day, plaintiff filed a motion for leave to proceed in forma pauperis [DE 2]. That motion was granted on December 18, 2025 [DE 5]. On February 5, 2026, Defendant North Carolina Board of Elections filed a motion to dismiss [DE 11]. On February 18, 2026, plaintiff filed the amended complaint, alleging violation of the Equal Protection and Due Process Clauses of the Fourteenth Amendment and asking for injunctive and declaratory relief [DE 26].

On February 20, 2026, Defendant Wake County Board of Elections filed a motion to dismiss [DE 20]. On February 24, 2026, the same defendant filed an amended motion to dismiss [DE 23]. On March 30, 2026, this action was reassigned from Federal District Judge James C. Dever, III, to the undersigned. On April 9, 2026, Defendants Olivia McCall and Wake County Board of Elections filed an answer containing a motion to dismiss [DE 35]. On April 10, 2026, Defendants Sam Hayes and the North Carolina Board of Elections filed a motion to dismiss [DE 37]. On April 10, the same day, Defendants Wake County Board of Elections and Olivia McCall filed a motion to dismiss [DE 40]. On April 24, 2026, plaintiff filed a response [DE 43].

Plaintiff's amended complaint alleges the following facts. Plaintiff is a resident of Morrisville, North Carolina, who sought to become a political candidate. [DE 26] at 1. From August to December 1, 2025, plaintiff made multiple visits to both the Wake County Board of Elections and the State Board of Elections to seek guidance regarding candidate filing procedures. *Id.* at 2. Each visit, "[p]laintiff was repeatedly advised to return on December 1, 2025, to file. . . . As a result of these repeated 'runarounds,' [p]laintiff was unable to obtain critical filing information in time to comply with the 90-day filing requirement, despite diligent efforts." *Id.*

## II. **LEGAL STANDARD**

Defendants have asserted immunity from suit and moved to dismiss this action under Rule 12(b)(1) and Rule 12(b)(6).

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). When a

facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. U.S.*, 585 F.3d 187, 192 (4th Cir. 2009).

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.* at 555, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A document filed *pro se* is to be liberally construed." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## III. DISCUSSION

### A. Moot motions

Over the course of this action, defendants have filed six motions to dismiss [DE 11, DE 20; DE 23; DE 35; DE 37; DE 40]. As explained below, the Court denies several of those motions as moot.

Defendant North Carolina State Board of Elections filed a motion to dismiss on February 5, 2026 [DE 11]. However, plaintiff subsequently filed an amended complaint, [DE 26], rendering that motion moot. *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) (An amended complaint replaces and supersedes the original complaint so that the original is "of no effect.").

Defendant Wake County Board of Elections filed a motion to dismiss on February 20, 2026 [DE 20]. The arguments in that motion pertain to plaintiff's original complaint—not the amended complaint. The February 20, 2026 motion is therefore moot.

Defendant Wake County Board of Elections filed an amended motion to dismiss on February 24, 2026 [DE 23]. The arguments in the amended motion to dismiss also pertain to plaintiff's original complaint. Therefore, the February 24, 2026 motion is also moot.

On April 9, 2026, Defendants Wake County Board of Elections and Olivia McCall filed an answer that contained a motion to dismiss [DE 35]. The Local Rules of this district do not allow filing a motion to dismiss within an answer. Therefore, the motion to dismiss within the April 9, 2026 answer is also moot.

On April 10, 2026, Defendants North Carolina Board of Elections and Sam Hayes filed a motion to dismiss [DE 37], and Defendants Wake County Board of Elections and Olivia McCall also filed a motion to dismiss [DE 40]. The Court proceeds to discuss these motions. [DE 37; DE 40].

**B. Immunity**

Defendants North Carolina Board of Elections and Sam Hayes assert immunity from suit under the Eleventh Amendment and move to dismiss all claims. [DE 37].

The Eleventh Amendment bars suits against a state by its own citizens absent special circumstances. U.S. CONST. amend. XI; *Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 429

(1997). Agencies, instrumentalities, and arms of the state receive the same protection as the state itself. *Id.* The North Carolina Board of Elections is an agency of the State of North Carolina. *See* N.C. Gen. Stat. § 163-22.

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989) (internal citations omitted). Therefore, the suit against Sam Hayes in his official capacity as the executive director of the State Board is a suit against the State. *See also* N.C.G.S. § 163-26.

There are three exceptions to sovereign immunity: waiver, *Ex Parte Young*, and congressional abrogation. *Biggs v. North Carolina Dep't of Pub. Safety*, 953 F.3d 236, 241 (4th Cir. 2020); *Ex Parte Young*, 209 U.S. 123 (1908). As waiver and congressional abrogation do not apply here, the Court discusses whether *Ex part Young* applies.

The doctrine of *Ex parte Young*, 209 U.S. 123, 159–60 (1908), provides an exception to Eleventh Amendment immunity where suit is brought against state officials, "(1) the violation for which relief is sought is an ongoing one, and (2) the relief sought is only prospective." *Republic of Paraguay v. Allen*, 134 F.3d 622, 627 (4th Cir. 1998). "[A] court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective' " to determine whether *Ex parte Young* applies. *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland.*, 535 U.S. 635, 645 (2002) (citation omitted). "The requirement that the violation of federal law be ongoing is satisfied when a state officer's enforcement of an allegedly unconstitutional state law is threatened, even if the threat is not yet imminent." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 330 (4th Cir. 2001), *cert. denied*, 535 U.S. 904 (2002).

Here, plaintiff's claims are essentially based on the allegation that defendants failed to personally advise her of the 90-day party affiliation requirement. This alleged failure occurred before the December 16, 2025 filing of her complaint. Plaintiff essentially claims that the alleged violation is ongoing in that she "suffered and continues to suffer injury to her right to participate as a candidate[.]" [DE 26] at 4. That is, the "violation is 'ongoing' or 'continuing' in the sense that its 'consequences' persist." *Republic of Paraguay*, 134 F.3d at 627.

However, it is obvious "that the actual violation alleged is a past event that is not itself continuing[.]" *Id.* at 628. The Fourth Circuit has explained—for an alleged violation to be considered ongoing, the state actor must be "in violation of federal law at the precise moment when the case was filed." *Id.* (citation omitted). Plaintiff cannot reasonably argue the same. The Court agrees with defendants' assertion that "[p]laintiff's continued dissatisfaction with the information she received during her visits to the State Board from August to December 1, 2025 does not amount to an ongoing constitutional violation." [DE 38] at 11. *Ex parte Young* does not apply in the current case; Defendants North Carolina State Board of Elections and Sam Hayes are entitled to Eleventh Amendment immunity.

**C. Equal Protection**

Defendants Wake County Board of Elections and Olivia McCall argue plaintiff fails to state a claim for violation of the Equal Protection Clause of the Fourteenth Amendment. [DE 40].

Plaintiff's amended complaint alleges a violation of the Equal Protection Clause. To survive a motion to dismiss an equal protection claim, "a plaintiff must plead sufficient facts to demonstrate plausibly that [s]he was treated differently from others who were similarly situated and that the unequal treatment was the result of discriminatory animus." *Equity In Athletics, Inc. v. Dep't of Educ.*, 639 F.3d 91, 108 (4th Cir. 2011). Equal protection claims brought by a "class of

one" can succeed only where "the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Siena Corp. v. Mayor & City Council of Rockville Md.*, 873 F.3d 456, 465 (4th Cir. 2017) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). "For a plaintiff to demonstrate that she is similarly situated, her evidence must show an extremely high degree of similarity between herself and the persons to whom she compares herself." *Willis v. Town of Marshall, N.C.*, 275 Fed. Appx. 227, 233 (4th Cir. 2008) (quotation marks omitted) (quoting *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006)).

Plaintiff alleges, "[d]efendants treated [p]laintiff differently from similarly situated candidates seeking ballot access in North Carolina. . . . Plaintiff repeatedly sought guidance on candidate filing procedures but was denied timely and adequate information, while other candidates with proper access were able to comply with filing deadlines. . . . This differential treatment constitutes unequal application of state election laws[.]" [DE 26] at 3.

While detailed factual allegations are not necessary, a plaintiff's obligation to provide the grounds of his "entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up); *see also Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Although plaintiff has alleged she was treated differently than those similarly situated, she does not identify her comparators; although she has alleged state election laws were applied unequally to her, she does not identify any such laws. These factual allegations are insufficient to state a claim for relief. Accordingly, the Court dismisses this claim.

**D. Due Process**

Defendants Wake County Board of Elections and Olivia McCall also argue plaintiff fails to state a claim for violation of the Due Process Clause of the Fourteenth Amendment. [DE 40].

The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property without due process of law". U.S. Const. AMEND. XIV, § 1. "Due process contains both substantive and procedural components. Procedural due process prevents mistaken or unjust deprivation, while substantive due process prohibits certain actions regardless of procedural fairness." *Snider Int'l Corp. v. Town of Forest Heights*, 739 F.3d 140, 145 (4th Cir. 2014).

Plaintiff alleges "[d]efendants' repeated 'runarounds' and failure to communicate essential filing information deprived [p]laintiff of her ability to satisfy the 90-day filing requirement, denying her meaningful access to the candidate filing process. . . . Defendants' conduct . . . prevent[ed] [p]laintiff from exercising her fundamental right to participate in the electoral process." [DE 26] at 4.

The Court first examines whether plaintiff states a claim for violation of substantive due process. The substantive due process doctrine protects fundamental rights and protects against the exercise of governmental power that shocks the conscience. *See D.B. v. Cardall*, 826 F.3d 721, 740 (4th Cir. 2016). Plaintiff alleges defendants violated a fundamental right of hers—that is, what she calls the "fundamental right to participate in the electoral process." The Constitution secures a fundamental right to vote. *Harper v. Va. State Bd. of Elections*, 383 U.S. 663 (1966); *see also Burdick v. Takushi*, 504. U.S. 428, 441 (1992) ("[T]he right to vote is the right to participate in an electoral process . . . ."). However, it does not secure a fundamental right to be personally advised of candidacy filing requirements and procedures. In examining whether defendants' alleged failure

to personally advise plaintiff of the same "shocks the conscience," the Court determines it does not. *See Washington v. Hous. Auth. of the City of Columbia*, 58 F.4th 170, 178 (4th Cir. 2023) ("[N]egligently inflicted harm . . . is categorically beneath the threshold of constitutional due process conduct.") (citation omitted).

The Court next examines whether plaintiff states a claim for violation of procedural due process. To succeed on a procedural due process claim, a plaintiff must show "(1) a cognizable 'liberty' or 'property' interest; (2) the deprivation of that interest by 'some form of state action'; and (3) that the procedures employed were constitutionally inadequate." *Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 145 (4th Cir. 2009) (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 172 (4th Cir. 1988)). Construing plaintiff's complaint liberally, she appears to allege that she had a liberty interest in filing for candidacy, and that defendants' failure to advise her of the publicly ascertainable "90-day filing requirement" deprived her of that interest. The Court disagrees, and dismisses this claim.

## IV. CONCLUSION

For the foregoing reasons, the Court denies as moot the following motions to dismiss filed by defendants: [DE 11, DE 20; DE 23; DE 35]. The Court GRANTS both motions to dismiss filed by defendants on April 10, 2026 [DE 37; DE 40].

SO ORDERED, this 20 day of August, 2026.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE